UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-23583-BLOOM/Louis

TERESA KOPPEY,

    Plaintiff,

v.

LIBERTY MUTUAL FIRE
INSURANCE COMPANY,

    Defendant.

_____/

## **ORDER**

**THIS CAUSE** is before the Court upon Plaintiff Teresa Koppey's ("Plaintiff") Motion for Remand, ECF No. [9] ("Motion"). Defendant Liberty Mutual Fire Insurance Company ("Defendant") filed a Response in Opposition, ECF No. [17] ("Response"), to which Plaintiff filed a Reply, ECF No. [18] ("Reply"). The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons discussed below, the Motion is granted.

    **I.**    **BACKGROUND**

This case arises out of an insurance claim for property damage. Plaintiff originally filed this action in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. ECF No. [1-2] ("Complaint"). On August 27, 2020, Defendant removed the case to federal court on the basis of diversity jurisdiction. ECF No. [1] ("Notice"). Plaintiff now moves to remand this case back to state court, arguing that Defendant has failed to establish that the amount in controversy in this case exceeds $75,000.00 because it improperly relies on an aggregate settlement demand for two related cases between the parties to meet the threshold amount. Plaintiff

maintains that the amount in controversy in this case falls below the $75,000.00 amount required for diversity jurisdiction. Defendant disagrees.

## II.   LEGAL STANDARD

Removal is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). To establish original jurisdiction, a lawsuit must demonstrate the existence of either federal question jurisdiction, pursuant to 28 U.S.C. § 1331, or diversity jurisdiction, pursuant to 28 U.S.C. § 1332. Federal question jurisdiction arises "under the Constitution, laws, or treaties of the United States." *Id.* § 1331. Diversity jurisdiction, on the other hand, exists where the parties are citizens of different states and the amount in controversy exceeds $75,000.00. *Id.* § 1332(a).

"A removing defendant bears the burden of proving proper federal jurisdiction." *Coffey v. Nationstar Mortg., LLC*, 994 F. Supp. 2d 1281, 1283 (S.D. Fla. 2014). "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdiction requirement." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010); *see also* 28 U.S.C. § 1332(a). Further, in determining whether a subject matter jurisdiction exists, the Court must focus on the amount in controversy *at the time of removal*, not at any later point. *Pretka*, 608 F.3d at 751 (citations omitted); *E.S.Y., Inc. v. Scottsdale Ins. Co.*, 217 F. Supp. 3d 1356, 1360 (S.D. Fla. 2015). "To determine whether this standard is met, a court first examines whether 'it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement.'" *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1330 (11th Cir. 2006) (quoting *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001)), *abrogated on other grounds by Dudley v. Eli Lilly & Co.*, 778 F.3d 909 (11th Cir. 2014). "If the jurisdictional amount is not facially apparent

from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Id*. (quoting *Williams*, 269 F.3d at 1319).

"[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka*, 608 F.3d at 754 (citations omitted). "Where, as in this case, the complaint alleges an unspecified amount of damages, 'the district court is not bound by the plaintiff's representations regarding its claim,' and may review the record for evidence relevant to the amount in controversy." *DO Rests., Inc. v. Aspen Specialty Ins. Co.*, 984 F. Supp. 2d 1342, 1344 (S.D. Fla. 2013) (citing *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010)). Moreover, "defendants may submit a wide range of evidence in order to satisfy the jurisdictional requirements of removal," including "affidavits, declarations, or other documentation." *Pretka*, 608 F.3d at 755. The Court may also use its judicial experience and make reasonable inferences and deductions to determine the amount in controversy. *See Roe*, 613 F.3d at 1061-62; *Pretka*, 608 F.3d at 754 (discussing the difference between reasonable deductions and inferences with "conjecture, speculation, or star gazing"); *E.S.Y., Inc.*, 217 F. Supp. 3d at 1360. "Any 'doubt about jurisdiction should be resolved in favor of remand to state court.'" *Family Meat, Inc. v. Scottsdale Ins. Co.*, No. 1:19-cv-20154, 2019 WL 8160417, at *2 (S.D. Fla. May 29, 2019) (quoting *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999)).

### III.    DISCUSSION

The Notice in the instant action states that subject-matter jurisdiction exists pursuant to 28 U.S.C. § 1332(a) on the basis of the parties' diversity of citizenship. ECF No. [1] ¶ 4. The Notice represents that Plaintiff is a citizen of Florida, *id.* ¶ 6, and Defendant is organized under the laws

of Illinois and has its principal place of business in Massachusetts. *Id.* ¶ 7. Thus, Defendant maintains that the parties are diverse.

Although the Complaint only alleges damages in excess of $30,000.00, ECF No. [1-2] at 46, ¶ 1, Defendant contends that the amount in controversy in this case exceeds $75,000.00 because Plaintiff's state court civil cover sheet indicated the amount of claim as $150,000.00 and Plaintiff sent Defendant a demand for $113,272.17 in insurance benefits and attorneys' fees on February 18, 2020. *Id.* ¶¶ 8-10; *see also* ECF Nos. [1-3] & [1-4]. Plaintiff responds that the amount demanded in February is not the accurate amount in controversy at the time of removal because Defendant subsequently made payments under the insurance policy to Plaintiff and the parties' later settlement negotiations further reduced the amount of damages. Thus, Plaintiff argues that the amount in controversy is more accurately reflected in the pre-suit settlement demand attached to her Motion, which demands $57,102.24 in damages for the claim in this case and $33,747.00 in attorneys' fees and costs for both this case and Plaintiff's related case, *Koppey v. Liberty Mutual Fire Insurance Company*, 1:20-cv-23581-MGC. *See* ECF No. [9-1].[1] Moreover, Plaintiff argues that Defendant's reliance on the amount listed in the state court cover sheet is misplaced because the subsequent amendment to the state court civil cover sheet expressly states that the amount is only to be used for data collection and clerical processing purposes. As such, Plaintiff argues that the cover sheet amount is inappropriate evidence to consider in determining the amount in controversy.

Critically, Defendant does not dispute that the settlement demand attached to Plaintiff's Motion was submitted after the February letter and after Defendant made certain payments to

---

[1] The settlement demand contains a separate demand of $39,638.76 for the damages sustained in Plaintiff's separate case pending before Judge Cooke. ECF No. [1-1]. Nonetheless, the amount of attorneys' fees and costs demanded is a combined amount for both cases. *Id.*

Plaintiff under the policy. Rather, Defendant maintains that the state court civil cover sheet amount, coupled with the amount in the February demand letter, sufficiently establish that the amount in controversy here exceeds $75,000.00. Moreover, Defendant argues that, even assuming Plaintiff's requested amount of $57,102.24 is the proper amount of damages, the amount in controversy still exceeds the required threshold when the full amount of attorneys' fees are included.

Defendant's arguments are not well taken. Upon review of the exhibits attached both to Defendant's Notice and to Plaintiff's Motion, the Court concludes that Defendant has failed to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. Specifically, the more recent settlement demand attached to Plaintiff's Motion clearly establishes that the amount of damages in this case at the time of removal is $57,102.24. ECF No. [9-1]; *see Pretka*, 608 F.3d at 751 (amount in controversy requirement is determined at the time of removal). Additionally, it defies logic to assign the entire amount of attorneys' fees and costs requested for two separate cases solely to this case for the purpose of satisfying the amount in controversy requirement. Instead, when the attorneys' fees amount is divided across both cases, the total amount in controversy here still fails to meet the $75,000.00 threshold.[2] As noted above, this Court resolves all doubts about its jurisdiction in favor of remand. *See Family Meat, Inc.*, 2019 WL 8160417, at *2 (quoting *Univ. of S. Ala.*, 168 F.3d at 411). Because Defendant has failed to meet its burden of establishing the amount in controversy requirement for diversity jurisdiction, remand is appropriate here. As such, Plaintiff's Motion is granted.

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

---

[2] Half of the requested attorneys' fees amount ($16,873.50) plus the $57,102.24 of damages yields a total amount in controversy of $73,975.74.

Case No. 20-cv-23583-BLOOM/Louis

1. The Motion, **ECF No. [9]**, is **GRANTED**.

2. This case is **REMANDED** to the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

3. The Clerk of Court is directed to **CLOSE** this case.

4. Any pending motions are **DENIED AS MOOT** and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, October 13, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record